SUMITOMO BANK, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18599.   Promulgated April 3, 1930.

*Harry W. Forbes, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, and *P. A. Sebastian, Esq.*, for the respondent.

482

OPINION.

TRUSSELL: The hearing was limited under Rule 62 (a). The sole issue in this case at this time is a question of gross income. An amount of $143,091.50 attributed in the return to "interest on interest bills" and claimed to be nontaxable, has been included in taxable income by the respondent, thus determining a deficiency. While disputing the action of the respondent with reference to all of the amount of $143,091.50, the petitioner elected at the hearing to adduce evidence only with reference to the transactions of the New York agency, comprising a little over one-half of the disputed amount.

So far as material here, the Revenue Act of 1918 provides at section 233 (b) as follows:

In the case of a foreign corporation gross income includes only the gross income from sources within the United States, including the interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received (although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States.

With respect to the transactions initiated by the Japanese offices, the evidence shows that the drawees effected credit arrangements with the Japanese offices whereby the necessary credit was loaned to them to make the purchases they desired to make in the United States. In return for the credit facilities and the loans, the drawees paid income to the petitioner in the form of interest and/or commissions. We think that the foreign source of this income would be so obvious as to merit no discussion were it not for the fact that the drafts were cashed in the United States by the petitioner. This

gives rise to the argument of the respondent that the income was from capital employed within the United States. In such cases as *Standard Marine Insurance Co., Ltd.*, 4 B. T. A. 853, and *Marine Insurance Co., Ltd.*, 4 B. T. A. 867, we decided that the source of interest paid by foreign governments upon their obligations was the foreign government which paid it, and this was so even though the funds loaned were out of capital which was required to be kept within the United States by the laws governing a State Insurance Department. See also *Ocean Accident & Guarantee Co. Corporation, Ltd.*, 13 B. T. A. 1057. All of these transactions were initiated in Japan with Japanese tradesmen and all the interest or other form of compensation for credit was paid by the same Japanese tradesmen to the offices of the petitioner in Japan.

In respect to the transactions herein the New York agency purchased drafts drawn in the United States and forwarded them to Japan for collection. The evidence shows that these drafts were uniformly written, drawing interest; that they were forwarded to the head office of the petitioner in Japan, then presented for collection, and the drawees, Japanese tradesmen, then paid principal and interest to the offices of the petitioner in Japan. In *R. J. Dorn & Co.*, 12 B. T. A. 1102, we held that with respect to goods purchased within the United States and sold without the United States at a profit the income was from a source without the United States. The same reasoning applies with equal force to the purchase of commercial paper in the United States but collected with interest in a foreign country. The income is from a foreign source.

The crediting of interest upon these transactions to the New York agency and the remittance of the amount to that agency is a matter only of bookkeeping on the part of the petitioner and amounts simply to a replenishing of the capital supplied to the New York agency.

We, therefore, decide that the deficiency should be recomputed excluding from income the amount of $77,121.15 attributable to income from sources without the United States.

> *Decision will be rendered or further proceedings had pursuant to Rule 62 (b), (c) and (d).*